Susan WALKER, Plaintiff–Appellant,

v.

T–MOBILE USA, Defendant–Appellee.

No. 07–35985.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Nov. 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

William D. Stark, Esquire, Salem, OR, for Plaintiff–Appellant.

Paul C. Buchanan, Esquire, Buchanan Angeli Altschul LLP, Portland, OR, James Severson, Esquire, Bingham McCutchen, LLP, San Francisco, CA, for Defendant–Appellee.

Before: THOMPSON and M. SMITH, Circuit Judges, and MOSKOWITZ, District Judge.*

MEMORANDUM **

Plaintiff–Appellant Susan Walker ("Walker") appeals from the district court's grant of summary judgment in favor of Defendant–Appellee T–Mobile USA ("T–Mobile"). We affirm.

The district court did not err in finding that Walker failed to raise a triable issue of fact in her allegation that T–Mobile interfered with her rights under the Family Medical Leave Act ("FMLA").

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Walker did not submit sufficient evidence upon which a reasonable jury could conclude that her leave-related activity was a negative factor in T–Mobile's decision to discipline and terminate her. *See Bachelder v. America West Airlines, Inc.,* 259 F.3d 1112, 1125 (9th Cir.2001) (explaining that, to succeed on her FMLA claim, plaintiff needed to prove by a preponderance of the evidence that her taking of FMLA-protected leave constituted a negative factor in the decision to terminate her). Walker had an extensive disciplinary record prior to her leave-related activities. Moreover, Walker has not shown that she was in any way prejudiced by T–Mobile's alleged interference with her FMLA rights. *See Ragsdale v. Wolverine World Wide,* 535 U.S. 81, 89, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002) (holding that FMLA provides no relief unless the employee was prejudiced by the employer's violation).

■ The district court likewise did not err in holding that Walker failed to raise a triable issue of fact by alleging that T–Mobile wrongfully terminated her in violation of Oregon state law. Walker failed to present any evidence demonstrating a causal connection between her protected activities and termination. *See Estes v. Lewis and Clark College,* 152 Or.App. 372, 381, 954 P.2d 792, 796–797(Ct.App.1998) (holding that to prove wrongful discharge an employee must establish a causal connection between the protected activity and the discharge). First, as noted above, Walker failed to offer evidence sufficient to prove any connection between her leave related activities and her termination. Second, Walker did not raise a triable issue of fact that her attempts to enforce her religious rights were causally connected to her termination.

■ The district court also correctly granted summary judgment to T–Mobile on Walker's breach of the duty of good faith and fair dealing claim. The duty of good faith and fair dealing only attaches to reasonable expectations that have a contractual basis. *See Best v. U.S. Nat. Bank of Oregon,* 303 Or. 557, 563, 739 P.2d 554, 558 (1987) (finding that the good faith doctrine should effectuate the reasonable contractual expectations of the parties). Walker did not present any evidence of a contractual basis for her expectation that T–Mobile would provide her with FMLA information and personnel records, or investigate her complaints of harassment and discrimination.

■ Finally, the district court did not abuse its discretion in striking the affidavits of two witnesses which Walker failed to timely identify in response to T–Mobile's supplemental interrogatory. The district court acted within its discretion to set and enforce deadlines and manage the conduct of the litigants before it. *See Wong v. Regents of University of California,* 410 F.3d 1052, 1060–62 (9th Cir.2005) (holding that the district court did not abuse its discretion by excluding expert witness testimony where plaintiff failed to timely identify the witness "without substantial justification").

Because Susan Walker failed to raise a triable issue of fact on any of her claims, the district court properly granted summary judgement to T–Mobile USA.

AFFIRMED.